UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:13-CV-00179 |
| RANDY GILCHRIST, | § § | |
| Defendant. | § § | |

# **MEMORANDUM AND ORDER**

Plaintiff Unum Life Insurance Company alleges that Defendant Randy Gilchrist failed to repay an overpayment of disability benefits as he had promised to do. Unum moved for summary judgment on its breach-of-contract claim on February 3, 2014 and Gilchrist did not respond to Unum's Motion despite a month having passed since the deadline for his response. The Court now considers the Motion based on the evidentiary record before it.

## I.  BACKGROUND

Unum Life Insurance Company issued a group insurance policy numbered 527992 to Randy Gilchrist's employer, NationsRent, Inc. Gilchrist enrolled for coverage under this policy. Among other things, the policy states that its monthly disability benefit—60% of the employee's "basic monthly earnings"—is offset by "deductible sources of income," one of which is Social Security Disability. Docket

Entry No. 12-1 at 34–38.

In 2001, Gilchrist became disabled and Unum approved his claim for long-term disability benefits. Docket Entry No. 12-1 at 60–61. Gilchrist subsequently applied for Social Security Disability benefits and on June 1, 2003 signed a Repayment Agreement and selected Option B, which reads:

> **Issue Benefit with No Reduction**
> Please pay me the disability benefit with no reduction for final amounts received by other sources until a final determination of my eligibility to receive those benefits is made. I understand that this may result in an overpayment by the Insurer. I agree to notify the Insurer within 48 hours of receiving notice of any and all decisions, to supply the Insurer with a copy of the final decision, and to repay any overpayment incurred as a result of receiving any other benefits from those sources specified in the policy.

Docket Entry No. 12-1 at 63.

In bolded text below where Gilchrist made his mark selecting Option B, the repayment agreement states:

> **By selecting Option B, I understand that the Insurer has agreed to pay me an unreduced benefit based upon my written promise herein to pay the Insurer any overpayment resulting from my receipt of benefits from other sources, as outlined in my policy. I agree to reimburse the Insurer any such overpayment within thirty (30) days of my receipt of such funds.**

*Id.* (bold in original).

Gilchrist signed the agreement directly below the paragraph declaring:

> If I fail to pay the Insurer the overpayment within the thirty (30) day period specified above, I understand that the Insurer may reduce future payments under the policy in order to recover the overpaid benefits. I also understand that I shall be liable to the Insurer for the full amount of any such overpayment, plus applicable statutory interest, and for all reasonable costs (including attorney's fees) of collection of the overpaid benefits.

*Id.*

For the 87 months spanning from February 10, 2001 to November 9, 2008, Unum paid Gilchrist disability benefits at the full rate under the policy with no reduction for estimated Social Security benefits. Docket Entry No. 12-1 ¶7, 65–67. This resulted in Gilchrist receiving a total of $183,025.81 from Unum. *Id.* Throughout this time, Unum periodically requested updates from Gilchrist regarding the status of his Social Security claim, finally receiving notice in March 2008 from the attorney handling Gilchrist's disability claim that he had been awarded benefits. Docket Entry No. 12-1 ¶11, 69. Unum repeatedly requested a copy of Gilchrist's award letter from the Social Security Administration (SSA), but Gilchrist never gave Unum a copy or informed Unum of the amount of his award. Docket Entry No. 12-1 ¶12.

As a result of Gilchrist's receipt of Social Security benefits, Unum exercised its rights under the policy and repayment agreement and sent him a letter dated November 14, 2008 making a demand for the calculated overpayment of

$159,941.17.  Docket Entry No. 12-1 at 74–80.  Gilchrist continued to ignore Unum's attempts to contact him regarding the overpayment, and on July 23, 2012, Unum sent Gilchrist a letter informing him that he was no longer eligible for benefits under the policy and describing how he could appeal this determination. Docket Entry No. 12-1 at 82–87.  Between November 2008 and July 2012, Unum applied Gilchrist's reduced monthly benefits payments to the outstanding overpayment, reducing the total overpayment to $155,568.93 at the time Unum terminated its payments to Gilchrist.  Docket Entry No 12-1 ¶14.  Unum made one final attempt to request that Gilchrist repay this overpayment, was rebuffed, brought this suit, and moved for summary judgment.  The time for Gilchrist to respond to Unum's Motion has long passed, and the Court now considers Plaintiff's Motion for Summary Judgment without a response.

## II.  DISCUSSION

### A. Standard of Review

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  After the moving party has met its initial burden, the burden shifts to the nonmovant to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87 (1986); *Wise v.*

*E.I. DuPont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment.  *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

A court may not grant summary judgment simply because a nonmovant fails to respond, but the court may decide the merits of the case based on a party's motion and supporting evidence.  *See Parish v. Werner Co.,* 2006 WL 734418, at *1 (S.D. Tex. Mar. 20, 2006); *Eversley v. MBank Dallas,* 843 F.2d 172, 173–74 (5th Cir. 1988) (affirming the district court's acceptance of the facts in the defendant's motion for summary judgment as undisputed when the nonmovant failed to submit a response).

**B. Unum's Breach of Contract Claim**

In Texas, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  The policy and repayment agreement are

valid contracts between Unum and Gilchrist, and Unum paid Gilchrist under the terms of those contracts, thus satisfying the first two elements. The record also establishes that Gilchrist did not reimburse the benefit overpayment upon his receipt of Social Security benefits as promised, breaching the contract and damaging Unum in the amount of $155,568.93. Unum is therefore entitled to summary judgment on its claim that Gilchrist breached the terms of the policy and repayment agreement.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**. Within seven days, Unum shall submit a proposed final judgment based on this ruling.

**SIGNED** this 18th day of March, 2014.

_____
Gregg Costa
United States District Judge